UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVER STATE BROADCASTING, LLC; a Nevada LLC; ROYCE INTERNATIONAL BROADCASTING CORPORATION; a Nevada corporation; GOLDEN STATE BROADCASTING, LLC, a Nevada corporation,<br><br>                    Plaintiffs,<br>    v.<br><br>BEASLEY FM ACQUISITION CORPORATION, a Delaware corporation; BEASLEY BROADCASTING OF NEVADA, LLC, a North Carolina limited liability company; WAEC LICENSE LIMITED PARTNERSHIP; a Delaware limited partnership; KJUL LICENSE, LLC, a North Carolina limited liability company; MICHAEL JAY BERGNER dba BERGNER & CO., an individual; et al.,<br><br>                    Defendants. | Case No. 2:11-cv-01789-MMD-CWH<br><br>ORDER<br><br>(Defendant Michael Jay Bergner dba Bergner & Co.'s Motion to Dismiss or in the alternative Motion for Summary Judgment– dkt. no. 6) |

**I.　SUMMARY**

Before the Court is Defendant Michael Jay Bergner dba Bergner & Co.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Dkt. no. 6.) For reasons discussed below, the Motion to Dismiss is granted in part and denied in part and the alternative Motion for Summary Judgment is denied.

**II.　BACKGROUND**

In May 2009, Plaintiff Silver State Broadcasting, LLC ("Silver State") entered into an Asset Purchase Agreement ("APA") with Defendants Beasley FM Acquisition

Corporation, Beasley Broadcasting of Nevada, LLC, WAEC License Limited Partnership, and KJUL License, LLC for the purchase of a radio station, and certain assets used in the operation of two other stations. Defendant Michael Jay Bergner dba Bergner & Co. ("Bergner") brokered the transaction. The closing took place in August 2009. Plaintiffs Royce International Broadcasting Corporation ("Royce") and Golden State Broadcasting LLC ("Golden State") are, respectively, the parent corporation and sister company of Silver State.

The gist of Plaintiffs' claims against Bergner is that while Bergner was acting as their broker, Bergner failed to disclose that he was also working as a broker for Plaintiffs' competitor.  Further, Plaintiffs allege that Bergner used information he had obtained in his role as Plaintiffs' broker to aid the competitor in purchasing radio stations, which Plaintiffs were interested in acquiring.

### III. DISCUSSION

#### A.  Legal Standard

##### 1.  Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as

true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged— but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### 2. Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**B.     Analysis**

As a preliminary matter, the Court dismisses Plaintiffs' Claims 4 (specific performance), 5 (injunctive relief), 15 (accounting), 16 (rescission), and 18 (punitive damages) as these "claims" are not recognized causes of action but rather remedies. Under the 12(b)(6) standard, a request for a specific remedy is not sufficient "to state a claim upon which relief can be granted." *See, e.g., Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010). The Court emphasizes, however, that despite dismissal these remedies may still be available to Plaintiffs if they are able to prevail on an independent cause of action.

Additionally, the Court dismisses the claims not specific to Bergner. Plaintiffs have asserted several claims generally against all Defendants. However, only two alleged facts specifically pertain to Bergner.  Most of Plaintiffs' claims assert facts incongruent with Plaintiffs' own account of Bergner's involvement. Thus, the Court finds that Plaintiffs have not stated a plausible claim against Bergner as to claims 1 (breach of contract), 2 (breach of sublease), 3 (wrongful eviction), 6 (trespass), 7 (breach of Sales and Marketing Agreement), 8 (conversion), 9 (tortious interference with contractual relations), 12 (breach of warranty), 13 (negligent misrepresentation), 14 (Defamation), and 17 (Respondeat Superior), and the Court dismisses those claims as to Bergner.

This leaves Plaintiffs' claims for breach of fiduciary duty and tortious interference with economic advantage.  As Bergner has moved for dismissal and, alternatively, for summary judgment, the Court will discuss each cause of action under both standards.

**1.     Breach of Fiduciary Duty**

A broker, as an agent, owes fiduciary duties to his principal "to act in the utmost good faith, and to disclose to his principal facts within or which may come to his knowledge which might influence the principal in the transaction." *Jory v. Bennight, 542 P.2d 1400*, 1403 (Nev. 1975) (quoting *Keyworth v. Nevada Packard Co.*, 186 P. 1110, 1112 (Nev. 1920)).  Plaintiffs allege that Bergner knew of Plaintiffs' interest in purchasing certain radio stations, but failed to disclose his representation of a competing bidder.

4

Plaintiffs further allege that Bergner used information gained through his representation of Plaintiffs to aid the competitor in purchasing the radio stations. Bergner asserts that no agency relationship existed between him and Plaintiffs at the time of the competitor's purchase. However, assuming all of Plaintiffs' allegations to be true, the Complaint sufficiently alleges a plausible claim. Thus, the Court denies the Motion to Dismiss as to claim 10 (breach of fiduciary duty).

Moreover, material issues of fact remain to preclude summary judgment. Both Plaintiffs and Bergner have submitted evidence establishing different factual accounts with respect to the scope and duration of the agency relationship. Bergner's letter dated April 27, 2009, references a six month time period for the relationship. (Dkt. no. 6 Ex. A.) However, in context, those six months are merely the time in which Bergner's broker's commission is guaranteed if a particular transaction is consummated. Additionally, the Affidavit of Ed Stolz II establishes that the parties were contemplating additional transactions. (Dkt. no. 23-1.) Thus, viewing the facts in the light most favorable to the nonmoving party, questions of material fact remain as to the scope and duration of the agency relationship between Plaintiffs and Bergner. The alternative Motion for Summary Judgment is denied.

### 2. Tortious Interference with Economic Advantage

To succeed on a claim for tortious interference with economic advantage, a plaintiff must show the following elements: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1255 (Nev. 1998). Plaintiffs assert that their desire to purchase the radio stations constitutes a prospective contractual relationship and that Bergner's knowledge of that desire, coupled with the fact he assisted the competitor's purchase, establish the cause of action. However, Plaintiffs allege no

specific facts that Bergner's actions were motivated by intent to harm Plaintiffs. Thus, all of the elements of the cause of action have not been sufficiently pled and the Court grants the motion as to this claim.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss as to Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, and 18 is GRANTED.  Because of the liberal pleading standard the Court grants leave to amend.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss as to Claim 10 is DENIED.

IT IS FURTHER ORDERED that Defendant's alternative Motion for Summary Judgment is DENIED.

DATED THIS 11th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE