UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SILVER STATE BROADCASTING, LLC; a Nevada LLC; ROYCE INTERNATIONAL BROADCASTING CORPORATION; a Nevada corporation; GOLDEN STATE BROADCASTING, LLC, a Nevada corporation,<br><br>                                Plaintiffs,<br>        v.<br><br>BEASLEY FM ACQUISITION CORPORATION, a Delaware corporation; BEASLEY BROADCASTING OF NEVADA, LLC, a North Carolina limited liability company; WAEC LICENSE LIMITED PARTNERSHIP; a Delaware limited partnership; KJUL LICENSE, LLC, a North Carolina limited liability company; MICHAEL JAY BERGNER dba BERGNER & CO., an individual; et al.,<br><br>                                Defendants. | Case No. 2:11-cv-01789-MMD-CWH<br><br>ORDER<br><br>(Defs.' (1) Motion to Dismiss; (2) Motion to Strike; and (3) Motion for a More Definite Statement as to the First Amended Complaint – dkt. no. 5) |

**I.     SUMMARY**

Before the Court is Defendants Beasley FM Acquisition Corporation, Beasley Broadcasting of Nevada, LLC, WAEC License Limited Partnership and KJUL License, LLC's (collectively referred to as "Defendants") Motion to Dismiss, Motion to Strike and Motion for a More Definite Statement as to the First Amended Complaint. (Dkt. no. 5.) For reasons discussed below, the Motion to Dismiss is granted in part and denied in part, and the Motion to Strike and the Motion for a More Definite Statement are denied.

## II. BACKGROUND

In May 2009, Plaintiff Silver State Broadcasting, LLC ("Silver State") entered into an Asset Purchase Agreement ("APA") with Defendants for the purchase of a radio station and certain assets used in the operation of two other stations. The transaction also included an ancillary sublease for space in Defendants' building, and an alleged Sales and Marketing Agreement ("SMA") under which Defendants would sell advertising time on Plaintiffs' radio stations. Defendant Michael Jay Bergner dba Bergner & Co. brokered the transaction. The closing took place in August 2009. Plaintiffs Royce International Broadcasting Corporation ("Royce") and Golden State Broadcasting LLC ("Golden State") are, respectively, the parent corporation and sister company of Silver State.

Plaintiffs have alleged the following facts. First, sometime after closing, Plaintiffs discovered that the equipment purchased was not in "good and operating condition" as warranted in the APA and Defendants failed to deliver FCC licenses and other property. Second, Defendants sold advertising time on Plaintiffs' radio stations at prices below market rates, received payments for the advertising directly, and withheld the revenue from Plaintiffs. Additionally, Defendants, while acting as agents of Plaintiffs, directed potential customers to Defendants' sales people rather than to Plaintiffs'. Finally, Defendants changed the locks on Plaintiffs' leased space without notice to Plaintiffs or legal process, entered the leased space, and removed personal property, causing damage to Plaintiffs' property. Defendants also posted a sign outside the building, visible to third parties, indicating that Plaintiffs needed to make arrangements to retrieve their property.

Plaintiffs allege eighteen claims: 1) breach of contract under the APA, 2) breach of the sublease agreement, 3) wrongful eviction, 4) specific performance, 5) injunctive relief, 6) trespass, 7) breach of the sales and marketing agreement, 8) conversion, 9) tortious interference with contractual relations, 10) breach of fiduciary duties, 11) tortious interference with economic advantage, 12) breach of warranty, 13) negligent

misrepresentation, 14) defamation, 15) accounting, 16) rescission, 17) respondeat superior, and 18) punitive damages.  Defendants' Motion seeks three remedies: dismissal, strike and more definite statement.  The Court will address each requested relief in turn below.

## III.  DISCUSSION

### A.  Legal Standard

#### 1.  Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (internal citation omitted).  "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 678.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, a district court must consider whether the factual allegations in the complaint allege a plausible

claim for relief. *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged— but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570. Consequently, a complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

### 2.   Motion for a More Definite Statement

A motion for a more definite statement should not be granted unless the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  This liberal standard is consistent with Fed. R. Civ. P. 8(a) which allows pleadings that contain a "short and plain statement of the claim."  Motions made under Rule 12(e) are disfavored and rarely granted because of the minimal pleading requirements of the Federal Rules.  *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (*citing In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (E.D. Pa. 1986)).  Parties are expected to use the discovery process, not pleadings, to learn the specifics of the claims being asserted.  *Id.*  Where the substance of a claim has been alleged but some of the details have been omitted, the motion will likely be denied.  *Boxall v. Sequoia High School Dist.*, 464 F. Supp. 1104, 1113-14 (N.D. Cal. 1979).

### B.   Analysis

#### 1.   Claims Not Recognized as Causes of Action

As a preliminary matter, the Court dismisses Plaintiffs' Claims 4 (Specific Performance), 5 (injunctive relief), 15 (accounting), 16 (rescission), and 18 (punitive

4

damages) as these "claims" are not recognized causes of action but are rather remedies. Under Rule 12(b)(6), a request for a specific remedy is not sufficient "to state a claim upon which relief can be granted." *See, e.g., Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010). The Court emphasizes, however, that despite this dismissal these remedies may still be available to Plaintiffs if they are able to prevail on an independent cause of action.

Additionally, the Court dismisses claim 17, which describes respondeat superior, a legal theory imposing liability on an employer for the actions of an employee. *See, e.g., Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996). Respondeat superior is not a valid claim. Moreover, Plaintiffs allege that Defendant Does 1 through 50 and Roes 51 through 100 were "under direction and control of Defendants" and thus Defendants are liable for the actions of the Does and Roes. However, the Complaint fails to detail anything that these Does and Roes allegedly did.

### 2. Claims Brought by Plaintiffs Royce International Broadcasting Corporation and Golden State Broadcasting, LLC

Defendants argue that neither Royce nor Golden State is a real party in interest to the agreements at issue and both lack standing. The Court agrees.

Federal Rule of Civil Procedure 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest." The real party in interest is the party who may maintain the action under the applicable state law. *American Triticale, Inc. v. Nytco Serv. Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981). Similarly, under the case and controversy requirement of Article III, a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Thus, even though its interests may be affected by the litigation, a company may not assert the rights of an affiliate based solely on their shared business interests. *E.g., Diesel Systems, Ltd. V. Yip Shing Diesel Engineering Co., Ltd.*, 861 F.Supp. 179, 181 (E.D.N.Y. 1994).

///

Neither Royce nor Golden State was a party to the APA or the sublease. Neither has alleged any privity of contract, third party beneficiary status, or injury caused by Defendants' actions other than *vis-a-vis* injury to Plaintiff Silver State. It does appear that all Plaintiffs may have been parties to the SMA and Defendants were selling advertising time on all of Plaintiffs' radio stations. However, other than the actions related to the SMA, it appears from the Complaint, and Plaintiffs' Opposition, that the only connection to Defendants' alleged actions is Royce and Golden State's corporate relationship with Silver State. Such a relationship among Plaintiffs does not provide a sufficient basis for all of them to assert claims against Defendants. Royce and Gold must demonstrate they each independently have some relationship with or connection to Defendants. Thus, the Court grants the Motion to Dismiss as to Plaintiffs Royce and Golden State's claims 1 (breach of contract – APA), 2 (breach of sublease agreement), 3 (wrongful eviction), 6 (trespass), 8 (conversion), 12 (breach of warranty), 13 (negligent misrepresentation), and 14 (defamation).

This leaves Plaintiff Silver State's contract and tort claims together with Plaintiffs Silver State, Royce, and Golden State's claims for breach of the SMA, tortious interference with contractual relations, and tortious interference with economic advantage. For clarity, the Court will refer only to "Silver State" where the claims of Royce and Golden State have been dismissed, and generally to "Plaintiffs" where Silver State, Royce and Golden State all assert claims.

### 3.   Claims under the Asset Purchase Agreement

Silver State asserts two claims arising from breach of the APA. Defendants argue that these claims are time-barred. The Court disagrees.

Initially, the Court must determine if the APA, which is attached to Defendants' Motion, can be considered in deciding the Motion under Rule 12(b)(6). Plaintiffs argue that the contract should not be considered because discovery has not commenced and Plaintiffs are unable to verify the authenticity of the APA. The Court notes that while Silver State's claims are premised on the existence of the APA, Silver State has not

provided its own copy of the agreement, has not expressly challenged the authenticity of the copy provided by the Defendants as Exhibit 1, and has quoted language from the APA in opposing dismissal.  Consequently, the Court presumes that either Silver State has had the opportunity to compare its own copy (from which they quote) to the Defendants' Exhibit 1 and not challenged its authenticity, or it has adopted Defendants' Exhibit 1 by quoting its language.  For these reasons, the Court finds that it may consider the contract provided as Defendants' Exhibit 1 in the 12(b)(6) analysis.

Turning then to the APA, Silver State has alleged sufficient facts to state a claim for breach of contract. The question before the Court, then, is if the APA prescribes a shorter limitation period for such a claim.  Defendants argue that the indemnification provisions of the contract[1] coupled with the one-year survival of all representations, warranties, and covenants[2] evidences the parties' negotiated intent to limit the time period to bring suit for breach of contract to one year.

Defendants' arguments are flawed. The portions of the contract upon which Defendants rely deal only with Defendants' indemnification obligations and claims seeking for such indemnifications.  These provisions do not cover or extend to claims for breach of contract.  Thus, Defendants' Motion to Dismiss as to claims 1 (breach of the APA) and 12 (breach of warranty) is denied.

### 4.  Claims Under Ancillary Agreements

Plaintiffs have also alleged breaches of the SMA and the sublease agreement. To assert a claim for breach of contract, Plaintiffs must show the following elements:  the existence of a valid contract, (2) performance or excuse for non-performance of the contract, (3) breach, and (4) damages.  *Calloway v. City of Reno*, 993 P.2d 1259 (Nev.

---

[1] Section 10.1 provides in pertinent part, "Seller shall indemnify, defend, and hold harmless Buyer and its affiliates . . . from and against, and reimburse them for, all claims, damages, costs and expenses . . . resulting from: . . . (d) any untrue

[2] Section 10.5 provides in pertinent part, "[t]he representations and warranties, covenants, indemnities and other agreements contained in this Agreement . . . shall survive the Closing for a period of one (1) year after the Closing Date . . . ."

2000), *overruled on other grounds by Olson v. Richard*, 89 P.3d 31, 31-33, (Nev. 2004). Plaintiff has made such a showing with respect to one of its breach of contract claim.

Regarding the SMA, Plaintiffs allege the existence of an agreement with Defendants, whereby Defendants would sell advertising time for Plaintiffs' radio stations in exchange for a commission on the sales. Plaintiffs further allege that Defendants breached the SMA by selling advertising time at unacceptable prices, receiving payments directly, and withholding revenues from sales, thus harming Plaintiffs. Taking Plaintiffs allegations to be true, Plaintiffs have established all the elements of a breach of contract claim. Thus, the Court denies the Motion to Dismiss as to claim 7 (breach of the SMA).

Regarding the sublease agreement, Silver State asserts that the sublease was entered into as part of the APA, and was subsequently breached when Defendants changed the locks on the property and prohibited access. However, Silver State has failed to allege that it had first performed its obligations under the contract and was thus entitled to performance. Silver State has failed to plead a necessary element for breach of contract, and the claim does not rise to the level of plausibility. The Court grants the Motion to Dismiss as to claim 2 (breach of the sublease agreement).

### 5. Claims based in Tort

Defendants assert generally that Plaintiffs' tort claims fail because they are merely reiterations of their contract claims and are barred under the economic loss doctrine. The economic loss doctrine "[p]recludes recovery for strictly economic losses in tort." *Calloway*, 993 P.2d at 1266. However, the doctrine applies only when unintentional tort actions are used to recover purely economic losses. *See Terracon Consultants Wester, Inc. v. Mandalay Resort Group*, 206 P.3d 81, 86 (Nev. 2009). Plaintiffs have asserted only intentional torts with the exception of negligent misrepresentation, which is not barred under the economic loss doctrine, *see id.* at 88. Thus, Plaintiffs' tort based claims are not barred.

///

Defendants also moved to dismiss the tort claims based on individual, claim-specific arguments. Alternatively, Defendants have moved for a more definite statement on all of the tort claims. The Court will analyze these arguments claim by claim.

### a. Wrongful Eviction

In a wrongful eviction suit, a plaintiff may recover the consequential damages resulting from an unlawful eviction. *See Polk v. Armstrong*, 540 P.2d 96, 99 (Nev. 1975). Even when tenants have not paid rent, courts have found evictions unlawful where the Landlord changes the locks on the leased premise without providing the proper eviction notice and procedure. *See id*. at 97, 99. Silver State has alleged that Defendants changed the locks on the leased property, preventing all access without prior notice or legal procedure. Silver State further alleges that, as a result, it suffered damages to its business. Defendants argue that this claim may not survive because Plaintiffs have not alleged that they paid rent. However, even when a tenant breaches a lease agreement, a landlord may not resort to self-help measures to forcibly evict the tenant. Thus, assuming Silver State's allegations to be true, it has stated a plausible claim. Defendants' Motion to Dismiss as to claim 3 (wrongful eviction) is denied. Further, the Court finds that the facts pled are not so vague or ambiguous that Defendants could not form a response. Thus, the Motion for a More Definite Statement as to this claim is also denied.

### b. Trespass

Under Nevada law, "[t]o sustain a trespass action, a property right must be shown to have been invaded." *Lied v. Clark county*, 579 P.2d 171, 173-74 (Nev. 1978) (citing *Rivers v. Burbank*, 13 Nev. 398 (1878)). Silver State has alleged that Defendants physically entered their leased property, and removed and damaged personal property. Entry onto the leased property is sufficient to show trespass. Thus, the Motion to Dismiss as to claim 6 (trespass) is denied. Additionally, even though Plaintiffs have omitted the details of the specific property that was taken and the extent of the damage, the

///

substance of the claim has been asserted. The Motion for a More Definite Statement as to this claim is denied.

### c.     Conversion

Conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (quoting *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958)). Silver State has asserted that, on at least two occasions, Defendants removed Silver State's property from the leased premise. However, Silver State has failed to specify any particular property that was taken. Thus, the claim contains nothing more than conclusory statements reciting the elements of the tort of conversion. The Motion to Dismiss as to claim 8 (conversion) is granted.

### d.     Tortious Interference with Contractual Relations

A plaintiff must show the following elements to make a claim for tortious interference with contractual relations: "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) damages." *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1255 (Nev. 1998). Silver State alleges that Defendants, through various actions caused "national marketing companies" to "cease doing business with [Plaintiffs]." However, Plaintiffs do not allege that there was any sort of contractual relationship between them and the national marketing companies. Thus, even assuming all Plaintiffs' facts as true, the first element of this claim is not met. The claim does not meet the 12(b)(6) standard; Defendants' Motion to Dismiss as to this claim is granted.

### e.     Tortious Interference with Economic Advantage

To make a claim for tortious interference with economic advantage a plaintiff must show the following elements: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship;

(3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1255 (Nev. 1998).  Silver State alleges that it had prospective contractual relationships with prospective advertisers, that Defendants, pursuant to their obligations under the SMA, had knowledge of these prospective advertisers and intentionally "directed prospective advertisers calling Plaintiffs to Defendants' own sales representatives," thus causing harm.  Plaintiffs further allege that Defendants' actions were taken while Defendants were acting as agents of Plaintiffs, and that Defendants' actions resulted in harm to Plaintiffs.  Defendants argue that Plaintiffs failed to state a claim because the Complaint did not specify any particular potential contractual relationship.  However, if Defendants were, in fact, stealing sales leads, Plaintiffs would not have specific information regarding the parties or contracts. Although scant, Silver State has alleged facts that, if assumed true, satisfy all the elements of this claim. The Motion to Dismiss as to claim 11 (tortious interference with economic advantage) is denied. The Motion for a More Definite Statement as to this claim is also denied.

### f.     Negligent Misrepresentation

Negligent misrepresentation occurs where "[o]ne who, in the course of his business . . . supplies false information for the guidance of others in their business transactions."  *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). Silver State alleges that Defendants represented that the property for sale was in complete and good working order when it was not. Defendants' only argument in support of their Motion is that this claim, like the claims under the APA, is barred by the terms of the contract.  However, the Court has determined that the contractual claims are not time-barred, thus any argument that the terms of the contract also bar tort claims must fail. The Motion to Dismiss claim 13 (negligent misrepresentation) is denied. Further, the Court finds that Plaintiffs have sufficiently pled their claim for misrepresentations and denies the Motion for a More Definite Statement.

### g. Defamation

"A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 114 P.3d 227, 282 (Nev. 2005). Silver State alleges that Defendants posted a sign outside the building of the leased property implying a proper eviction, which was visible to third parties. Silver State does not allege, however, that the defamatory statement itself caused damages, but rather merely asserts the same damage alleged under their wrongful eviction claim. Because Silver State has made no allegation of damages resulting specifically from the defamation, all the elements have not been pleaded. The Court, therefore, grants Defendants' Motion to Dismiss as to Claim 14 (defamation).

### C. Motion to Strike

The Court has dismissed all claims that Defendant moved to strike. Thus, the Motion is moot, and therefore is denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss as to (1) claims 1, 2, 3, 4, 5, 6, 8, 9, 12, 13, 14, 15, 16, 17, and 18 made by Plaintiffs Royce International Broadcasting Corporation and Golden State Broadcasting, LLC is GRANTED and (2) claims 2, 4, 5, 8, 9, 14, 15, 16, 17, and 18 made by Silver State is GRANTED. Because of the liberal pleadings standard, the Court grants leave to amend.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss as to claim 7 and 11 as alleged by all Plaintiffs is DENIED. Defendants' Motion to Dismiss as to claims 1, 3, 6, 12, and 13 as alleged by Silver State is DENIED.

///
///
///
///

IT IS FURTHER ORDERED that Defendants' Motion for a More Definite Statement is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike is DENIED.

DATED THIS 12th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE