# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SILVER STATE BROADCASTING, LLC, *et al.*,

        Plaintiffs,

vs.

BEASLEY FM ACQUISITION, *et al.*,

        Defendants.

Case No. 2:11-cv-01789-APG-CWH

**ORDER**

      This matter is before the Court on Defendants/Counter-Claimants' Motion for Attorneys Fees (#72), filed on September 5, 2013. The Court also considered Plaintiffs/Counter-Defendants' Response (#82), filed on October 9, 2013, and Defendants/Counter-Claimants' Reply (#83), filed on October 15, 2013.

## BACKGROUND

      On August 22, 2013, the Court conducted a hearing on Defendants/Counter-Claimants' Motion to Compel (#58) and Motion for Protective Order (#59). Plaintiffs' counsel did not appear and the Court granted both motions. *See* Minutes of Proceedings (#71). The Court ordered counsel to meet and confer regarding attorneys fees and file a motion by September 5, 2013 if unable to agree. On September 5, 2013, Defendants/Counter-Claimants filed the instant motion requesting attorneys fees of $9,527 and noted that Plaintiffs/Counter-Defendants failed to respond to meet and confer attempts. On September 20, 2013, September 30, 2013, October 4, 2013, and October 7, Plaintiffs/Counter-Defendants requested extensions of time to respond. *See* Stipulations (##76, 78, and 80). Plaintiffs/Counter-Defendants filed an opposition on October 9, 2013 asserting that fees requested are unreasonable because the hours spent are excessive and duplicative. On October 15, 2013, Defendants/Counter-Claimants filed a reply contending that the fee request is reasonable given the scope and volume of Plaintiffs/Counter-Defendants' discovery abuses.

**DISCUSSION**

**A.     Sanctions Pursuant to Rule 37**

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiffs/Counter-Defendants failed to attend the August 22, 2013 hearing on Defendants/Counter-Claimants' Motion to Compel (#58) and Motion for Protective Order (#59). Additionally, the Court granted Defendants/Counter-Claimants' motions in their entirety and found that Plaintiffs/Counter-Defendants' conduct in refusing to produce the deponents and the dispute regarding the location of the depositions was not substantially justified. The Court referred Plaintiffs/Counter-Defendants to *Luangisa v. Interface Operations*, 2011 WL 6029880 (D. Nev. 2011), as guidance for future discovery conduct. Finally, Plaintiffs/Counter-Defendants make no argument that their conduct in failing to attend the hearing or discovery conduct was substantially justified or other circumstances make an award unjust. As a result, the Court finds that Plaintiffs/Counter-Defendants have failed to carry their burden to demonstrate that their conduct was substantially justified or that an award of fees would be unjust.

**B.     Reasonableness of the Fee Request**

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of

fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the preclusion of other employment by the attorney due to acceptance of the case, (2) time limitations imposed by the client or the circumstances, (3) the amount involved and results obtained, (4) the undesirability of the case,[1] (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Id.* at n. 2 (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1. Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). Determining the appropriate market rate is inherently difficult for a number of reasons. Traditional supply and demand principles do not ordinarily apply to prevailing market rates for lawyers. *Id.* The hourly rate of lawyers in private

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

1  practice varies widely. *Id.* The type of services provided by lawyers, as well as their experience,
2  skill, and reputation, varies extensively. *Id.* Finally, the fee is usually discussed with the client and
3  may be negotiated. *Id.*

4  Consequently, the fee applicant has the burden of producing satisfactory evidence that "the
5  requested rates are in line with those prevailing in the community for similar services by lawyers of
6  reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include
7  affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in
8  the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United
9  Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). Here,
10 Defendants/Counter-Claimants request fees at an hourly rate of $184 for Sheri Thome, a 18-year
11 attorney, $171 for Chad Butterfield, a 5-year attorney, and $80 for Wendy Crine, a paralegal.
12 Plaintiffs/Counter-Defendants raised no objection to these rates and the Court finds them to be
13 reasonable for this forum.

### 2.     Reasonable Hours Expended

15 Where documentation of hours is inadequate, the district court may reduce the award
16 accordingly. *Hensley*, 461 U.S. at 433. The court may exclude hours related to overstaffing,
17 duplication, excessiveness, and otherwise unnecessary to the issue. *Id.* Here, Defendants/Counter-
18 Claimants request a total fee award of $9,527 for 57.5 hours. However, the Court finds that several
19 reductions in the fee award requested are warranted.

20 First, the Court notes that Defendants/Counter-Claimants included 1.5 hours for the hearing
21 on August 22, 2013. Given that this hearing commenced at 9:39 a.m. and ended at 9:50 a.m., the
22 Court will reduce the hours requested for the hearing from 1.5 to 0.4 and fee award by $202.40.
23 Additionally, Plaintiffs/Counter-Defendants contend that the fee award should be reduced because
24 there is duplicative work performed between the two attorneys and one paralegal. For example,
25 Plaintiffs/Counter-Defendants highlight the August 15, 2013 time entry by attorney Sherri Thome
26 for 3.0 hours as duplicative of attorney Chad Butterfield's previous 19 hours billed from August 5,
27 2013 to August 8, 2013 on the same reply brief. Although the Court understands Defendants/
28 Counter-Claimants' response that such review is customarily, the Court finds that such additional

review and revisions were duplicative and will reduce the total hours by 3 and fee award by 552.00.

Similarly, Plaintiffs/Counter-Defendants object to the July 12, 2013 time entry of paralegal Wendy Crine for 2.8 hours on July 12, 2013 as duplicative of attorney Sherri Thome's previous 13 hours spent on drafting the motion to compel brief. The Court notes that paralegal Wendy Crine spent a total of 5.9 hours on July 12, 2013 reviewing documents to supplement the motion to compel and declaration briefing. The Court finds such work to be duplicative given that attorney Sherri Thome later reviewed the research. Accordingly, the Court will reduce the total hours by 5.9 and fee award by $472.00.

Finally, Plaintiffs/Counter-Defendants generally contend that the fee request is excessive and some time entries are vague. However, the Court finds Defendants/Counter-Claimants' time entries to be sufficient detailed to determine how the hours were spent. Also, Defendants/Counter-Claimants submitted sufficient documentation of attempts to resolve the discovery disputes without court intervention. Further, the Court finds that the briefs submitted by Defendants/Counter-Claimants were thoroughly researched, analyzed voluminous pages of depositions, and provided appropriate citations to relevant authority. Defendants/Counter-Claimants argue that the hours spent were cost-effective and they could have included more time entries related to these discovery issues. Given the nature of the discovery disputes at issue, the Court finds that 47.5 hours was reasonable in these circumstances. Therefore, the Court finds that Defendants/Counter-Claimants are entitled to an award of $8,300.60 in fees.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants/Counter-Claimants' Motion for Attorneys Fees (#72) is **granted with the above-noted modification to the fee award amount**.

**IT IS FURTHER ORDERED** that Plaintiffs/Counter-Defendants shall pay Defendants/Counter-Claimants the total sum of $8,300.60 by **February 21, 2014.**

DATED this 22nd day of January, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**