# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SILVER STATE BROADCASTING, LLC, *et al.*,

    Plaintiffs,

vs.

BEASLEY FM ACQUISITION, *et al.*,

    Defendants.

Case No.  2:11-cv-01789-APG-CWH

**ORDER**

    This matter is before the Court on Defendants/Counter-Claimants' Motion for Order to Show Cause Re Contempt and for Sanctions Under Rule 37 (#105), filed on February 26, 2014. The Court also considered Plaintiffs/Counter-Defendants' Response (#112), filed on March 19, 2014.  The Court set this matter for hearing on March 24, 2014, but finding that no further briefing or oral argument is necessary, the Court hereby vacates the hearing.

## BACKGROUND

    On August 22, 2013, the Court conducted a hearing on Defendants/Counter-Claimants' Motion to Compel (#58) and Motion for Protective Order (#59).  Plaintiffs/Counter-Defendants' counsel did not appear and the Court granted both motions. *See* Minutes of Proceedings (#71). The Court ordered counsel to meet and confer regarding attorneys fees and file a motion by September 5, 2013 if unable to agree.  On September 5, 2013, Defendants/Counter-Claimants filed a Motion for Attorneys Fees (#72).  On January 22, 2014, the Court granted with modification to the fee award amount Defendants/Counter-Claimants' Motion for Attorneys Fees (#72) and ordered Plaintiffs/Counter-Defendants to pay the total sum of $8,300.60 by February 21, 2014.  *See* Order #102. On February 26, 2014, Defendants/Counter-Claimants filed the instant Motion for Order to Show Cause Re Contempt and for Sanctions Under Rule 37 (#105) due to Plaintiffs/Counter-

Defendants' failure to comply with Order #102.[1] Defendants/Counter-Claimants request three forms of relief: (1) a stay until payment is received, (2) attorneys fees for filing the instant Motion (#72), (3) and an order to show cause why Plaintiffs/Counter-Defendants should not be held in civil contempt. In response, Plaintiffs/Counter-Defendants concede that they missed the deadline, but argue that a stay and additional sanctions are unwarranted because payment was made on March 5, 2014.[2]

## DISCUSSION

### A. Stay

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[3] Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Defendants/Counter-Claimants request a stay of discovery until Plaintiffs/Counter-Defendants submit payment of the $8,300.60 as required by Order #102. They contend that a stay is appropriate given that the fee award was related to Plaintiffs/Counter-Defendants' discovery conduct and as such, Plaintiffs/Counter-Defendants should not be permitted to continue to litigate

---

[1] The Court notes that Defendants/Counter-Claimants mention that there is a potential discovery dispute regarding another session of Edward Stolz's deposition. *See* Defs' Mot. #105, 4. However, Defendants/Counter-Claimants do not base the instant motion on the dispute over Edward Stolz's deposition. So, the Court will not address it further at this time.

[2] The Court notes that Plaintiffs/Counter-Defendants incorrectly cite the Court's Order #102 as imposing a February 22, 2014 deadline for payment; Order #102 clearly states that payment shall be made by "February 21, 2014."

[3] As noted in *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011), "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."

1  until payment is made.  In response, Plaintiffs/Counter-Defendants submit proof that payment of
2  $8,300.60 was delivered to counsel for Defendants/Counter-Claimants on March 5, 2014.  *See* Plas
3  Resp. #112, Exh. 2.  Plaintiffs/Counter-Defendants content that there is no basis for a stay of
4  discovery.  Given that Plaintiffs/Counter-Defendants have submitted the payment required by Order
5  #102, the Court finds that Defendants/Counter-Claimants have not carried their burden of making a
6  strong showing why a stay should be imposed.

7  **B.**     **Rule 37 Sanctions: Contempt and Attorneys Fees**

8        The imposition of discovery sanctions is a task committed to the court's discretion.  *Von*
9  *Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).  Federal Rule of Civil Procedure
10 Rule 37(b) allows for the authorization of any remedy the court determines is just and proportionate
11 to the situation when a party fails to obey a court order imposed under Rule 37(a).  Fed. R. Civ. P.
12 37(b)(2)(A); *see Societe International Pour Participations Industrielles Et Commerciales, S.A. v.*
13 *Rogers,* 357 U.S. 197, 207 (1958).  For example, two remedies available pursuant to Rule 37(b) are
14 finding the disobedient party to be in contempt and awarding attorneys fees.  *See* Fed. R. Civ. P.
15 37(b)(2)(A)(vii); Fed. R. Civ. P. 37(b)(2)(C).  When seeking a finding of contempt, the moving
16 party has the burden to establish that (1) the respondent violated the court order, (2) beyond
17 substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4)
18 by clear and convincing evidence.  *United States v. Bright*, 596 F.3d 683, 694 (9th Cir.2010).

19       Defendants/Counter-Claimants request that the Court find Plaintiffs/Counter-Defendants in
20 civil contempt of court for failure to comply with Order #102.  They cite to Order #102 to establish
21 that payment of $8,300.60 was due on February 21, 2014 and contend that Plaintiffs/Counter-
22 Defendants failed to comply with that Order.  In response, Plaintiffs/Counter-Defendants concede
23 that they failed to comply with Order #102.  Further, Defendants/Counter-Claimants state that they
24 notified Plaintiffs/Counter-Defendants of the failure to comply on February 24, 2014 through letter
25 and again on February 26, 2014 through telephone.  *See* Plas' Mot. #105, 3 and Exh. A.  In
26 response, Plaintiffs/Counter-Defendants confirm that received Defendants/Counter-Claimants'
27 letter and requested an extension of time to comply on February 26, 2014.  Further,
28 Defendants/Counter-Claimants have submitted acceptable proof that payment was made on March

5, 2014.

      The Court will exercise its discretion to decline finding Plaintiffs/Counter-Defendants in civil contempt at this point. It is clear that Plaintiffs/Counter-Defendants violated the court's Order #102. However, Plaintiffs/Counter-Defendants have made the payment required by Order #102. Although Plaintiffs/Counter-Defendants complied with Order #102 late, specifically 12 days late, the Court finds that imposing a civil contempt sanction would not be "just" and proportionate to the violation. *Societe,* 357 U.S. at 207. To be clear, the Court does not take Plaintiffs/Counter-Defendants' violation of its Order #102 lightly. Although Plaintiffs/Counter-Defendants requested an extension of time to comply from Defendants/Counter-Claimants on February 26, 2014, they should have submitted such request directly to the Court on or before February 21, 2014. Future non-compliance with court orders may subject Plaintiffs/Counter-Defendants to more severe sanctions under Rule 37(b). Nevertheless, the Court finds that civil contempt is not justified given that Plaintiffs/Counter-Defendants have complied with Order #102.

      Additionally, the Court will also decline to grant Defendants/Counter-Claimants' request for attorneys fees for bringing the instant motion (#105). Rule 37(b) states, "Instead of or in addition to the [sanction discussed] above, the court must order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court finds that Plaintiffs/Counter-Defendants conduct in failing to remit payment timely is not substantially justified. As noted above, Plaintiffs/Counter-Defendants have failed to prove that they attempted to file a motion to receive an extension of the Court's February 21, 2014 deadline for payment. On the other hand, the Court finds that imposing an award of expenses is unjust in this situation. After receiving notice from Defendants/Counter-Claimants that payment was late, Plaintiffs/Counter-Defendants met and conferred in an attempt to obtain an extension of time to remit payment. Defendants/Counter-Claimants submitted no reason why they were unable to agree to grant Plaintiffs/Counter-Defendants a short extension of time. Finally, the basis of this dispute, failure to remit payment, was resolved on March 5, 2014. The Court encourages the parties to conduct thorough meet and confer conferences prior to bringing a genuine

discovery dispute to the court for resolution. Therefore, under the circumstances, the Court finds that an award of expenses under Rule 37(b) is not warranted.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants/Counter-Claimants' Motion for Order to Show Cause Re Contempt and for Sanctions Under Rule 37 (#105) is **denied**.

**IT IS FURTHER ORDERED** that the Motion hearing set for March 24, 2014 at 9:30 a.m. in LV Courtroom 3C is **vacated**.

DATED this 20th day of March, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**