UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVER STATE BROADCASTING, LLC, *et al.*, | Case No. 2:11-CV-01789-APG-CWH |
| Plaintiffs, | **ORDER** |
| v. | |
| BEASLEY FM ACQUISITION, *et al.*, | |
| Defendants. | |

    Defendant Michael Jay Bergner, doing business as Bergner & Co, requests that I grant summary judgment on Plaintiffs' sole remaining claim against him for breach of fiduciary duty. Bergner contends there is no evidence that an agency relationship existed between him and Plaintiffs at the time of and in relation to the sale of two radio stations in March 2010 to support a breach of fiduciary duty claim. Plaintiffs oppose the motion, arguing genuine issues of material fact remain regarding whether the parties' relationship extended beyond their written agreement to include the potential acquisition of the two radio stations. Because genuine issues of material fact remain regarding the scope and duration of the parties' relationship, I will deny Bergner's motion.

    Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

    The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden

then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views all evidence and inferences which may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

A breach of fiduciary duty claim requires Plaintiffs to show the existence of a fiduciary duty, the breach of that duty, and that the breach proximately caused damages. *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). Bergner's motion challenges only Plaintiffs' ability to show the existence of a relationship giving rise to a fiduciary duty.

A "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* at 843 (citing Restatement (Second) of Torts § 874 cmt. a (1979)). A broker has fiduciary duties to those he has "undertaken to serve in a professional capacity, including a duty 'to act in the utmost good faith,' and 'to disclose to his principal facts within or which may come to his knowledge which might influence the principal in the transaction.'" *Jory v. Bennight*, 542 P.2d 1400, 1403 (Nev. 1975) (quoting *Keyworth v. Nev. Packard Co.*, 186 P. 1110, 1112 (1920)); *see also LeMon v. Landers*, 402 P.2d 648, 649 (Nev. 1965) ("An agent . . . owes to the principal the highest duty of fidelity, loyalty and honesty in the performance of the duties by the agent on behalf of the principal.").

Material issues of fact remain regarding whether Bergner's fiduciary duties extended beyond the parties' written agreement. The written agreement concerned a six-month period beginning on April 27, 2009, and set Bergner's commission if Plaintiffs purchased radio stations owned or operated by Beasley Broadcasting within that time period. (Dkt. #86, Ex. A.) Bergner contends the parties' relationship giving rise to fiduciary duties concluded after the six-month period when the written agreement expired. However, Plaintiffs have presented evidence raising a genuine issue of material fact that the parties' relationship extended beyond the written agreement, both in duration and scope.

Plaintiffs present evidence that Plaintiffs' President, Edward R. Stolz, II, communicated with Bergner regarding radio station acquisitions beyond those set out in the written agreement, and that Bergner assisted Stolz with his company's purchase of a radio station in San Francisco, California. (Dkt. #103-1 at 2-3, 11.) According to Stolz, he discussed potential radio station acquisitions with Bergner throughout late 2009 and into the first quarter of 2010, after the written agreement terminated. (Dkt. #103-2 at 2.) Stolz further avers that Bergner first brought to Stolz's attention the prospect of purchasing the two radio stations at issue in this dispute (KOAS and KVGS), that the two discussed the potential sale in late 2009 or early 2010, that Stolz told Bergner he was interested in acquiring the stations if the price was right, and that he would be able to pay cash for the radio stations. (*Id.* at 3; Dkt. #103-1 at 3.) Viewing the evidence and all reasonable inferences therefrom in the light most favorable to Plaintiffs, a reasonable jury could find based on the parties' conduct and course of dealing that the parties' relationship giving rise to Bergner's fiduciary duties extended beyond the written agreement in both scope and duration. (*See* Order [Dkt. #34] (previously denying summary judgment on this same issue).)

IT IS THEREFORE ORDERED that Defendant Michael Jay Bergner dba Bergner & Co.'s Motion for Summary Judgment (Dkt. #86) is hereby DENIED.

DATED this 26th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE