**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SILVER STATE BROADCASTING, LLC, *et al.*, )
)
                Plaintiffs, )    Case No. 2:11-cv-01789-APG-CWH
)
vs. )    **ORDER**
)
BEASLEY FM ACQUISITION, *et al.*, )
)
                Defendants. )
_____)

      This matter is before the Court on Defendants/Counter-Claimants' ("defendants") motion for attorneys' fees (doc. # 145), filed August 29, 2014. The Court also considered Plaintiffs/Counter-Defendants' ("plaintiffs") response (doc. # 147), filed September 15, 2014, and defendants' reply (doc. # 153), filed September 29, 2014.

**BACKGROUND**

      On August 8, 2014, this Court conducted a hearing on defendants' emergency motion to compel and request for sanctions. See Doc. # 132; Doc. # 133. After carefully considering the arguments presented by the parties in their briefs and at the hearing, the Court granted defendants' motions. See Doc. # 141. With respect to defendants' request for sanctions, the Court ordered the parties to meet and confer regarding the sanctions amount, and directed defendants to file a motion in the event the parties were unable to agree. Id. Thereafter, defendants filed the instant motion. See Doc. # 145.

**DISCUSSION**

**1.**    **Legal Standard**

      A trial court has broad discretion to determine reasonable attorneys' fees. See Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). Reasonable attorneys' fees are calculated using the lodestar method, which involves multiplying the number of hours "reasonably expended" on the

litigation by a "reasonable hourly rate." See Hensley v. Eckerhardt, 461 U.S. 424, 433 (1983); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 982 (9th Cir. 2008). The lodestar is "presumptively reasonable" but may be adjusted upward or downward. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Camacho, 523 F.3d at 982.

In determining whether to adjust the lodestar, a court may consider the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). These factors ultimately help a court determine whether to "exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

**2.    Analysis**

The issue before this Court is whether defendants' fees proposal constitutes reasonable attorneys' fees. Defendants request attorneys' fees in the amount of $ 5,903.40.[1] The amount reflects 34.5 hours of work at a billing rate of $ 184 per hour for attorney Sheri Thome ("Thome") and $ 171 per hour for attorney Chad Butterfield ("Butterfield").

**a.    Hours Expended**

Defendants contend they are entitled to the fees requested because they prevailed on their emergency motion to compel and request for sanctions. Defendants also contend the fees requested are reasonable, unexcessive, and supported by the time records as follows: (1) 2.2 hours for reviewing the deposition transcript; (2) 15.8 hours for researching, drafting, and preparing the emergency

---

[1] Chad Butterfield, in his affidavit, alleges that the total amount was "slightly adjusted" from $ 5,925.80 to $ 5,903.40. See Doc. # 145-1 at 2.

motion; (3) 10.4 hours for researching, drafting, and preparing the reply to plaintiffs' opposition to the emergency motion; (4) 4.3 hours for hearing preparation; and (5) 1.8 hours for hearing attendance. Defendants then contend that the emergency motion involved factually and legally complex issues, with counsel providing the requisite experience, reputation, and skill necessary, as evidenced by the pleadings filed in this action. Defendants add that counsel bills at an hourly rate, maintains a "strong" relationship with defendants, performed work within "certain" guidelines, and was previously awarded sanctions in the instant case. Defendants further contend that although counsel was not precluded from doing other work, defendants' resources could "have been better spent elsewhere." Doc. # 145 at 6.

In opposition, plaintiffs argue that defendants' fees proposal is excessive and duplicative. Specifically, plaintiffs argue that "more than half" of defendants' emergency motion and reply address issues that were never granted by the Court. Plaintiffs further argue that the last two time entries on defendants' time records involve hours spent addressing the discovery scheduling order, which is unrelated to the emergency motion, and therefore should be omitted from defendants' fees proposal. Plaintiffs also distinguish prior sanctions awards defendants received in the instant case, claiming that "prior motion[s]... [were] based on... the location of certain depositions... and... on... deposition conduct on a broader scale," whereas the emergency motion simply "allow[s] [defendants] to conduct a brief... deposition." Doc. # 147 at 5. As such, plaintiffs conclude that the number of hours expended by defendants should be "significantly less." Id.

In reply, defendants contend that, contrary to plaintiffs' assertion, defendants "won" the emergency motion "in full" by prevailing on the relief requested. In support, defendants contend that in their emergency motion, they sought to re-depose the Royce International designee regarding I.M. Tours, with the Court granting the motion without limiting the scope of defendants' inquiry regarding I.M. Tours. Defendants also contend that this Court's minute order, doc. # 141, clearly states defendants are entitled to bring a motion for fees and costs associated with preparing the emergency motion. Defendants further contend that the fees they request are not excessive because the emergency motion was 17 pages, supported by citations to deposition testimony, applicable case law, and a declaration, while the reply consisted of 13 pages of analysis, along with legal and factual citations. Defendants add that the hourly rates for Thome and Butterfield are "well under" market value.

Moreover, defendants contend that although the last two time entries reveal the emergency motion and motion to amend the discovery scheduling order were not billed separately, defendants "had to prepare for and attend the hearing anyway" and do not object to "dividing the time by two." Doc. # 153 at 3.

A fees applicant bears the burden of establishing the hours reasonably expended in litigating a case, and must submit detailed time records supporting the number of hours expended. Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983); Welch v. Met. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). "Reasonably expended" time refers to time that "could reasonably have been billed to a private client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). To this end, a fees applicant must exercise "sound billing judgment" regarding the number of hours worked, and a court may exclude hours not reasonably expended, such as hours incurred from overstaffing, or hours that are excessive, redundant, or unnecessary. Hensley, 431 U.S. at 433; Van Gerwen, 214 F.3d at 1045.

After a thorough review of the time records submitted, the Court agrees that a small reduction is warranted for defendants' fees request. Specifically, the Court finds that the last two entries of defendants' time records improperly combine the time spent on the emergency motion and on the motion to amend the discovery scheduling order. The Court therefore reduces the hours billed for each of these entries by 50%. As such, the Court finds that defendants reasonably expended 31.45 hours in the instant case.

**b.    Litigation Costs**

Defendants incurred costs in the amount of $ 399.50 for a videographer and $ 427.30 for transcription, which the parties do not dispute. Upon review of these costs, the Court finds that the total amount requested, $ 826.80, is reasonable.

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that defendants' motion for attorneys' fees (doc. # 145) is **granted in part and denied in part**. The Court awards defendants attorneys' fees in the amount of $ 5,381.85 and costs in the amount of $ 826.80.

DATED: November 13, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**