**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SILVER STATE BROADCASTING, LLC, *et al.*,   )
)
                Plaintiffs,   )   Case No. 2:11-cv-01789-APG-CWH
)
vs.   )   **ORDER**
)
BEASLEY FM ACQUISITION, *et al.*,   )
)
                Defendants.   )
_____)

       This matter is before the Court on Plaintiffs/Counter-Defendants' ("plaintiffs") motion for attorneys' fees (doc. # 167), filed November 5, 2014. The Court also considered Defendants/Counter-Claimants' ("defendants") response (doc. # 171), filed November 24, 2014, and plaintiffs' reply (doc. # 173), filed December 4, 2014.

**BACKGROUND**

       On October 15, 2014, this Court conducted a hearing on plaintiffs' emergency motion to compel, request sanctions, and extend discovery deadlines. See Doc. # 154; Doc. # 155. After carefully considering the arguments presented by the parties in their briefs and at the hearing, the Court granted plaintiffs' motion. See Doc. # 163. With respect to plaintiffs' request for sanctions, the Court ordered the parties to meet and confer regarding the sanctions amount, and directed plaintiffs to file a motion in the event the parties were unable to agree. Id. Thereafter, plaintiffs filed the instant motion. See Doc. # 167.

**DISCUSSION**

**1.**    **Legal Standard**

       A trial court has broad discretion to determine reasonable attorneys' fees. See Gates v.

Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). Reasonable attorneys' fees are calculated using the lodestar method, which involves multiplying the number of hours "reasonably expended" on the litigation by a "reasonable hourly rate." See Hensley v. Eckerhardt, 461 U.S. 424, 433 (1983); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 982 (9th Cir. 2008). The lodestar is "presumptively reasonable" but may be adjusted upward or downward. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Camacho, 523 F.3d at 982.

In determining whether to adjust the lodestar, a court may consider the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). These factors ultimately help a court determine whether to "exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

**2. Analysis**

The issue before this Court is whether plaintiffs' fees proposal constitutes reasonable attorneys' fees. Plaintiffs request attorneys' fees in the amount of $ 10,197.50. The amount reflects 37.4[1] hours of work at a billing rate of: (1) $ 350 per hour for attorney Joseph R. Ganley ("Ganley"); (2) $ 275 per hour for attorney Todd W. Prall ("Prall"); and (3) $ 250 per hour for attorney Amanda L. Ireland ("Ireland").

**a. Hourly Rate**

Plaintiffs contend that counsels' hourly rates are "customary and typical" in Las Vegas. Doc. # 167 at 9. In response, defendants question Ireland's hourly rate, claiming that plaintiffs attempt to

---

[1] Because the time records show that Ireland worked a total of 18.2 hours, Prall worked a total of 14.3 hours, and Ganley worked a total of 4.9 hours, the total number of hours worked is 37.4, not 37.7 as plaintiffs assert. See Doc. # 167 at 4; Doc. # 167-1 at 2-3.

1  minimize Ireland's "complete lack of private litigation experience" by referring to her as a "less
2  experienced associate" without demonstrating that she has the necessary skills and reputation to
3  "complete... tasks at her $ 250 per hour billing rate." Doc. # 171 at 6.

4  In reply, plaintiffs submit that defendants "understate" Ireland's experience. Doc. # 173 at 4.
5  According to plaintiffs, Ireland graduated from law school over a year ago and, prior to joining
6  plaintiffs' legal counsel, researched and briefed issues as a law clerk for the Eighth Judicial District
7  Court. Given such, plaintiffs contend that Ireland's research and writing skills are sufficient to enable
8  her to research issues and prepare legal arguments for the emergency motion and reply. Plaintiffs
9  further contend these tasks are "standard" for attorneys with Ireland's experience, and also "typical
10 and customary" in commercial litigation. Id. Thus, plaintiffs ask the Court to grant Ireland's hourly
11 rate.

12 The "established standard when determining a reasonable hourly rate is the rate prevailing in
13 the community for similar work performed by attorneys of comparable skill, experience and
14 reputation." Camacho, 523 F.3d at 971. The "community," or forum district, is the relevant market
15 for determining reasonable attorneys' fees. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).
16 "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community
17 and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are
18 satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge
19 Corp., 896 F.3d 403, 407 (9th Cir. 1990).

20 Here, plaintiffs request an hourly rate of $ 250 for Ireland. Based on this Court's experience,
21 the Court finds the rate reasonable and well within the prevailing market rate in the District of Nevada,
22 and in other federal districts, for an attorney with one to three years of experience. See e.g., Laffey
23 Matrix–2003-2014, Dep't of Justice, http://www.justice.gov/usao/dc/divisions/civil.html; United States
24 Consumer Law Attorney Fee Survey Report 2010-2011. Further, the Court finds that defendants fail
25 to show this rate is unreasonable within the meaning of § 1692k(a)(3). As such, the Court grants the
26 $ 250 hourly rate for Ireland.

27 **b.    Hours Expended**

28 Plaintiffs contend the fees requested are reasonable, unexcessive, and supported by the time

records as follows:  (1) 18.2 hours for Ireland to perform legal research and prepare the initial drafts of briefs; (2) 14.3 hours for Prall to prepare declarations, add legal arguments to the briefs, prepare a related motion to seal, and attend the emergency motion hearing; and (3) 4.9 hours for Ganley to revise the briefs and coordinate the work involved.  Plaintiffs next contend the attorneys who worked on the motion possess the requisite skill, experience, and reputation to successfully perform the job, thereby justifying the fees.  Plaintiffs also contend the emergency motion raised novel legal issues, which required more work than usual for a discovery motion, with defense counsel acknowledging as much at the hearing.  Plaintiffs note the attorneys were not precluded from other employment by working on the emergency motion, and the only time limitations imposed on the attorneys were those set by the procedural posture of the case.  Moreover, while it is hard to ascertain the precise dollar amount of the discovery dispute in the emergency motion, plaintiffs contend their success in getting the Court to grant the motion resolves a "key" issue in the instant case.  Doc. # 167 at 9.  Plaintiffs add this case "spawned" the relationship between counsel and client, and there is no specific undesirability about the case.  Id. at 10.  Plaintiffs further point out this Court awarded attorneys' fees and costs in a similar case, specifically to defense counsel in the instant case, although defendants' insurance has been paying defense counsel's fees, thereby resulting in actual fees lower than those plaintiffs have to pay.

In opposition, defendants argue that Ireland, a first-year attorney, lacks the experience and background knowledge of this case to be the primary attorney researching and drafting the emergency motion and reply.  According to defendants, this "undoubtedly caused significant duplication," especially since the billing records indicate Ireland spent 7.7 hours preparing the motion, with Prall and Ganley spending 1.9 and 2.0 hours respectively in revisions.  Doc. # 171 at 3.  Similarly, per defendant, Ireland spent 10.5 hours on the reply brief, with Prall and Ganley spending 1.8 hours and 2.5 hours respectively in revisions.  Defendants also argue that plaintiffs' time records reveal duplicative billing, as Prall billed 0.6 hours for reviewing defendants' opposition, while Ganley and Ireland billed 0.4 hours and 3.2 hours respectively for the same work.  Because plaintiffs' reply brief did not warrant 20 hours of legal work, defendants submit they should not be required to "subsidize... [Ireland's] training... [as] a first year attorney."  Id. at 4.  Meanwhile, defendants argue the block billing format of counsels' time entries makes it impossible for the Court to determine the

reasonableness of the time spent on specific tasks. For example, defendants point out that Ireland spent 3.6 hours on September 23, 2014 to review procedural history and facts, do legal research on applicable standards for the motion, review a deposition transcript, and prepare argument sections for the motion. Likewise, per defendants, Prall spent 1.1 hours on September 29, 2014 to attend a "meet and confer" conference and complete "final revisions" to the motion, while Ganley spent 2.5 hours on October 10, 2014 to revise the motion and "coordinate hearing preparation, staffing and strategy for the same." Id. at 5. Given such, defendants ask the Court to disregard all block billing entries or reduce such entries consistent with Comcast of Ill. X, LLC v. Jung Kwak, No. CIV. 03-00962 DAE-PA, 2010 WL 3781768 (D. Nev. Sep. 17, 2010).

In reply, plaintiffs contend that, contrary to defendants' assertions, there is no redundancy of work and no excessive hours charged because Ireland conducted research and drafted the legal arguments of the briefs, Prall prepared the facts section of the briefs and a related motion to seal, and Ganley edited the briefs for language, tone, message, and attachments. Plaintiffs next contend that this division of work is commonplace and appropriate, especially since Prall could not conduct all of the discovery in the case while also completing all of the research and writing required for the emergency motion. Plaintiffs also point out that Ireland's lower billing rate on research and writing "actually saves fees, not increases them." Doc. # 173 at 3. Plaintiffs then contend that the time spent on the reply brief is appropriate, as the reply brief involved a new issue raised by defendants in their opposition, which required additional research and legal argumentation. Overall, per plaintiffs, defendants' arguments are misplaced because they requested a similar number of hours from this Court earlier in this case based on a motion that was not as extensive in scope. Meanwhile, plaintiffs contend that defendants err in relying on Jung Kwak for support because that case, along with other cases that "negative[ly] view" block billing, involve lawyers seeking fees for work on "entire" cases and not on single motions, with this "negative view" arising from courts' inability to identify the time spent on "distinct claims" in the litigation. Id. at 4 (citing, among others, Hensley v. Ekerhart, 461 U.S. 424 (1983)). According to plaintiffs, unlike those block billing cases, counsel provided sufficiently detailed time records to demonstrate the reasonableness of the requested fees. Plaintiffs add that the entries of block billing identified by defendants are such a small fraction of the overall request for fees

5

1  that "the difference in... fee[s] would be negligible even if the Court were to [exclude those entries]."
2  Id. at 5.

3        A fees applicant bears the burden of establishing the hours reasonably expended in litigating
4  a case, and must submit detailed time records supporting the number of hours expended. Hensley v.
5  Eckerhart, 461 U.S. 424, 433, 437 (1983); Welch v. Met. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir.
6  2007). "Reasonably expended" time refers to time that "could reasonably have been billed to a private
7  client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).  To this end, a fees
8  applicant must exercise "sound billing judgment" regarding the number of hours worked, and a court
9  may exclude hours not reasonably expended, such as hours incurred from overstaffing, or hours that
10 are excessive, redundant, or unnecessary. Hensley, 431 U.S. at 433; Van Gerwen, 214 F.3d at 1045.

11       After a thorough review of the time records submitted, this Court finds no duplication or
12 redundancy in the time entries, including those entries identified by defendants concerning counsels'
13 review of the opposition, because plaintiffs demonstrate that this review served different purposes to
14 complete different tasks–i.e., for Ireland to draft the legal arguments of the reply, Prall to draft the facts
15 section of the reply, and Ganley to edit the reply for language, tone, message, and the like.
16 Nevertheless, the Court finds that a small reduction is warranted due to counsels' block billing of time
17 entries. Plaintiffs attempt to justify these time entries by distinguishing block billing cases from the
18 instant case, claiming they only seek fees for a motion and not for the "entire" case. However, the
19 Court finds this distinction unavailing. Courts discourage block billing because it prevents them from
20 determining the reasonableness of the time spent on specific tasks. In this case, the Court is unsure
21 how much time (1) Ireland spent for each task on September 23, 2014, (2) Prall spent for each task on
22 September 29, 2014, and (3) Ganley spent for each task on October 10, 2014, making it impossible for
23 the Court to determine the reasonableness of the time expended on these tasks. The Court therefore
24 reduces the hours billed for these entries by 15%. As such, the Court finds that plaintiffs' counsel
25 reasonably expended 36.32 hours in the instant case.
26 //
27 //
28 //

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that plaintiffs' motion for attorneys' fees (doc. # 167) is **granted in part and denied in part**. The Court awards plaintiffs attorneys' fees in the amount of $ 9,885.88.

DATED: March 16, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**