UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SILVER STATE BROADCASTING, LLC, et al.,

Plaintiffs,

v.

BEASLEY FM ACQUISITION, et al.,

Defendants.

Case No. 2:11-CV-01789-APG-CWH

**ORDER FOR SUPPLEMENTAL BRIEFING**

(Dkt. #203)

Defendant Michael Jay Bergner, doing business as Bergner & Co, requests summary judgment on the plaintiffs' sole remaining claim against him for breach of fiduciary duty. Bergner contends there is no evidence that an agency relationship existed between him and the plaintiffs in relation to the sale of two radio stations to support a breach of fiduciary duty claim. Bergner also argues that there is no evidence of a breach because George Beasley, Chairman and CEO of Beasley Broadcast Group, Inc., testified that he did not learn any confidential information from Bergner about plaintiffs' desire to purchase the two radio stations. The plaintiffs oppose the motion, arguing genuine issues of material fact remain regarding whether the parties' relationship extended beyond their written agreement to include the potential acquisition of the two radio stations. The plaintiffs also argue Bergner breached his duties by failing to disclose to the plaintiffs that the two stations were going to be auctioned and that Bergner was working for the Beasley Group on the deal.

Summary judgment is appropriate if the pleadings, depositions, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

1    The party seeking summary judgment bears the initial burden of informing the court of the
2 basis for its motion, and identifying those portions of the record that demonstrate the absence of a
3 genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden
4 then shifts to the non-moving party to go beyond the pleadings and set forth specific facts
5 demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato
6 Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view all evidence and reasonable inferences in the
7 light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523
8 F.3d 915, 920 (9th Cir. 2008).

9    A breach of fiduciary duty claim requires the plaintiffs to show the existence of a
10 fiduciary duty, the breach of that duty, and that the breach proximately caused damages. *Stalk v.
11 Mushkin*, 199 P.3d 838, 843 (Nev. 2009). A "fiduciary relation exists between two persons when
12 one of them is under a duty to act for or to give advice for the benefit of another upon matters
13 within the scope of the relation." *Id.* at 843 (citing Restatement (Second) of Torts § 874 cmt. a
14 (1979)). A broker has fiduciary duties to those he has "undertaken to serve in a professional
15 capacity, including a duty 'to act in the utmost good faith,' and 'to disclose to his principal facts
16 within or which may come to his knowledge which might influence the principal in the
17 transaction.'" *Jory v. Bennight*, 542 P.2d 1400, 1403 (Nev. 1975) (quoting *Keyworth v. Nev.
18 Packard Co.*, 186 P. 1110, 1112 (1920)); *see also LeMon v. Landers*, 402 P.2d 648, 649 (Nev.
19 1965) ("An agent . . . owes to the principal the highest duty of fidelity, loyalty and honesty in the
20 performance of the duties by the agent on behalf of the principal.").

21    I have already denied two summary judgment motions filed by Bergner on this same issue
22 of whether a fiduciary relationship existed between Bergner and the plaintiffs. (Dkt. ##34, 152.)
23 As I previously ruled, material issues of fact remain regarding whether Bergner's fiduciary duties
24 extended beyond the parties' written agreement in both duration and scope. I therefore deny this
25 part of Bergner's motion.

26    In addition to the issue of whether an agency relationship existed, Bergner contends he did
27 not breach any duties. Bergner points to Beasley's deposition testimony that Beasley did not

28

learn from Bergner that the plaintiffs wanted to purchase the two radio stations. Beasley also testified that he learned from his son, not Bergner, that the two stations were for sale. However, the plaintiffs present evidence that Bergner did not tell them that (1) the two stations were going to be auctioned and (2), he would act as the Beasley Group's agent on the deal if the plaintiffs were not interested. (Dkt. #207-2 at 4-6.) A reasonable jury could find Bergner breached his fiduciary duties by not disclosing to the plaintiffs facts within his knowledge which might influence the plaintiffs in the transaction. *Jory*, 542 P.2d at 1403. I therefore deny Bergner's motion on the issue of whether he breached his fiduciary duties.

Finally, it is not clear from Bergner's motion whether he intended to argue that even if he breached fiduciary duties, his breach did not cause any damages because the plaintiffs were already aware of the opportunity relating to the two radio stations and decided not to purchase them. He mentions these facts in his brief but does not fully develop the argument as to causation and damages, so the plaintiffs did not respond to it. Because there may be causation and damages issues that the parties have not adequately addressed, I will direct the parties to file supplemental briefs on this issue only.

IT IS THEREFORE ORDERED that defendant Michael Jay Bergner dba Bergner & Co. shall file a supplemental brief on causation and damages only on or before October 30, 2015.

IT IS FURTHER ORDERED that the plaintiffs shall file a responsive supplemental brief on causation and damages only on or before November 9, 2015.

IT IS FURTHER ORDERED that defendant Bergner shall file a reply brief on causation and damages only on or before November 16, 2015.

DATED this 21st day of October, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE