**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SILVER STATE BROADCASTING, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BEASLEY FM ACQUISITION, *et al.*, <br><br> Defendants. | Case No. 2:11-CV-01789-APG-CWH <br><br> **ORDER GRANTING MOTION TO RECONSIDER AND MOTIONS IN LIMINE** <br><br> (Dkt. Nos. 203, 226, 227, 231) |

     Defendant Michael Jay Bergner, doing business as Bergner & Co, previously moved for summary judgment on the plaintiffs' sole remaining claim against him for breach of fiduciary duty. I requested supplemental briefing on the issue of damages and ordered Bergner to file a supplemental brief by October 30, 2015. (Dkt. #223 at 3.) When Bergner failed to do so, I entered an order denying his summary judgment motion. (Dkt. #225.)

     Bergner now moves for reconsideration, arguing he is entitled to summary judgment because the plaintiffs have no evidence of damages. Bergner separately moves to preclude the plaintiffs from offering evidence of damages at trial because the plaintiffs never provided a computation of damages as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Defendants Beasley FM Acquisition Corporation, Beasley Broadcasting of Nevada, LLC, WAEC License Limited Partnership, and KJUL License LLC (the "Beasley defendants") separately move to preclude plaintiff Silver State Broadcasting, LLC from offering evidence of damages at trial because Silver State also did not provide a computation of damages for its claims against them.

     The parties are familiar with the facts of this case, so I will not repeat them here except where necessary. I grant these motions. As to Bergner's motion for reconsideration, Bergner does not explain why he failed to file a supplemental brief by the court-imposed deadline. Nevertheless, it would be manifestly unjust to require him to proceed to trial on a claim for which the plaintiffs have no evidence of damages. Additionally, on the respective motions in limine, the

plaintiffs failed to provide a computation of damages, that failure was not justified or harmless, and no other remedy except exclusion will suffice at this stage of the proceedings.

**A. Motion for Reconsideration**

Bergner requests that I reconsider my Order denying his summary judgment motion because the plaintiffs have no evidence of damages, which is a required element of their remaining claim against him. The plaintiffs respond that Bergner does not meet the standard for reconsideration and Bergner fails to address the fact that he missed the court-imposed deadline to file a supplemental brief regarding damages.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., OR. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

Bergner does not explain why he failed to file a supplemental brief as directed. Indeed, Bergner's counsel surprisingly do not even acknowledge the expired deadline in the motion or reply. Nevertheless, it would be manifestly unjust to allow the plaintiffs' only remaining claim against Bergner to proceed to trial where the plaintiffs have no evidence of damages merely because Bergner's attorneys missed a filing deadline. In the plaintiffs' opposition to the motion for reconsideration, they state that their president, Ed Stolz, will testify about damages, but the plaintiffs do not cite to any evidence in the record as to what those damages are. This conclusory response, unsupported by evidence in the record, does not raise an issue of fact on the essential element of damages. *See Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009) (describing a breach of fiduciary duty claim as a claim that "seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship"). I therefore

grant Bergner's motion to reconsider and grant summary judgment in his favor on the plaintiffs' breach of fiduciary duty claim against him.

### B. Motions in Limine

Bergner[1] and the Beasley defendants move to preclude the plaintiffs from offering evidence of damages at trial because the plaintiffs have never provided a computation of damages as required under Rule 26(a)(1)(A)(iii). In response to Bergner's motion, the plaintiffs argue that Stolz will provide the damages testimony. The plaintiffs also request to extend discovery to supplement damages against Bergner. In response to the Beasley defendants' motion, the plaintiffs argue they provided a calculation of damages in response to interrogatories and thus their damages have "otherwise been made known" to the defendants under Rule 26(e)(1)(A). The plaintiffs also contend they have provided evidence of damages throughout discovery, and thus they have not violated Rule 26.

Rule 26(a)(1)(A) requires a plaintiff to make certain initial disclosures to a defendant "without awaiting a discovery request." One of these required disclosures is "a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

"The word 'computation' contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369-JCM-GWF, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011) (citing *City & Cnty. of S.F. v. Tutor–Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)); *see also Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-CV-997-KJD-CWH, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012) (stating that a "list of the broad types of damages" is insufficient). Additionally, the party seeking damages must "timely disclose its theory of damages" as well as the "basic method or formula by which it

---

[1] Although I have already granted summary judgment in Bergner's favor, I alternatively grant his motion in limine.

1  contends its damages should or will be calculated even if it cannot identify the specific dollar
2  amount of damages pending further discovery." *Allstate Ins. Co.*, 2011 WL 2977127, at *4.
3  Unless a different time is set by stipulation or court order, initial disclosures must be made within
4  14 days of the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C).

5        Rule 26(e)(1) requires a "party who has made a disclosure under Rule 26(a)" to
6  "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in
7  some material respect the disclosure or response is incomplete or incorrect, and if the additional
8  or corrective information has not otherwise been made known to the other parties during the
9  discovery process or in writing." Rule 26(e)(1) "creates a 'duty to supplement,' not a right." *Luke*
10 *v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009).  Thus, the Rule
11 does not "create a 'loophole'" for a party who wishes to revise its disclosures to its "advantage
12 after the court's deadline for doing so has passed." *Id.*

13       Under Rule 37(c)(1), a party may not use at trial information that Rule 26(a) requires to be
14 disclosed that was not properly disclosed, unless the non-compliance was substantially justified or
15 harmless. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as*
16 *amended* (Sept. 16, 2008). "In addition to or instead of this sanction," the court may impose other
17 sanctions, including payment of attorney's fees, prohibiting the non-complying party from
18 supporting a claim, striking pleadings, or dismissing claims. Fed. R. Civ. P. 37(c)(1). The party
19 facing sanctions under Rule 37(c)(1) bears the burden of proving that its failure to disclose was
20 substantially justified or harmless. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th
21 Cir. 2012).

22       Precluding the presentation of evidence at trial may be a "harsh" sanction, particularly
23 where it effectively amounts to dismissal of a claim. *Id.* at 1247 (quotation omitted). I consider
24 several factors in deciding whether to impose Rule 37(c)(1)'s exclusion sanction:

25     1) the public's interest in expeditious resolution of litigation, 2) the court's need to
    manage its docket, 3) the risk of prejudice to the defendants, 4) the public policy
26     favoring disposition of cases on their merits, [and] 5) the availability of less drastic
    sanctions.

27
28

1    *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). "The first two of these factors favor
2 the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction.
3 Thus the key factors are prejudice and the availability of lesser sanctions." *Henry v. Gill Indus.,*
4 *Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quotation omitted). Additionally, I must consider
5 whether the failure to disclose was the result of "willfulness, fault, or bad faith." *R & R Sails,*
6 *Inc.*, 673 F.3d at 1247. Willfulness, fault, or bad faith may be shown by "disobedient conduct not
7 shown to be outside the control of the litigant." *Henry*, 983 F.2d at 948 (quotation omitted).
8 Repeated failures to comply with Rule 26(a)'s requirements and the opposing party's requests
9 "give[] the appearance of bad faith." *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-CV-02142-GMN-
10 VCF, 2013 WL 6158461, at *5 (D. Nev. Nov. 20, 2013). In evaluating willfulness, fault, or bad
11 faith, I may consider the entire scope of a party's conduct, including conduct that has previously
12 been sanctioned. *Henry*, 983 F.2d at 947-49. I also may consider whether "lesser sanctions had
13 been tried, and had failed." *Id.* at 948.

14       Whether to impose discovery sanctions lies within my discretion. *R & R Sails, Inc.*, 673
15 F.3d at 1245. My discretion is particularly broad when deciding whether to issue sanctions under
16 Rule 37(c)(1). *Id.*

17       Here, the plaintiffs have not complied with Rule 26(a)(1)(A)(iii). They have never
18 disclosed a computation of damages, even after these motions were filed, despite supplementing
19 their Rule 26.1 disclosures eleven times. (*See* Dkt. #226 at 14-85.)

20       The plaintiffs argue they fulfilled their Rule 26 obligations because the information about
21 damages has "otherwise been made known" to the defendants under Rule 26(e)(1)(a). They base
22 this argument on their response to the Beasley defendants' first set of interrogatories in which the
23 plaintiffs provided the following information about their claimed damages:

| | | |
|---|---|---|
| 1. | Asset purchase | $15,250,000.00 |
| 2. | Closing and Incidental Expenses | $675,000.00 |
| 3. | Defalcated/Damaged Equipment Assets | $260,00.00 [sic] |
| 4. | Interference with Prospective Business Advantage | $8,500,000.00 |
| 5. | Lease obligation | $2,160,000.00 |
| 6. | Interference with Katz contract (Las Vegas) | $20,000,000.00 |
| 7. | Interference with Katz contract (San Francisco) | $50,000,000.00 |

1 (Dkt. #231-1 at 3.)

2 However, Rule 26(e) refers to supplementing disclosures already made under Rule 26(a), which the plaintiffs here failed to do. Further, a list of lump sums does not satisfy the plaintiffs' Rule 26 obligation of providing a computation of damages. Moreover, when questioned at his deposition, Stolz could not itemize damages for the various lump sums in this interrogatory response, and he relied on documentation that was never provided to the Beasley defendants to generate these numbers. (Dkt. Nos. 231-6 at 5-6; 231-9; 231-11; 231-12; 231-13.) Following Stolz's deposition, no itemizations were provided. (Dkt. #231-12; Dkt. #231-13.) The interrogatory response and deposition testimony related to it do not satisfy the plaintiffs' Rule 26 obligation to provide a computation of damages nor do they render that failure harmless.

The plaintiffs argue they provided other documents and evidence from which the defendants could discern the damage computation. The plaintiffs attach in support of their response a list of technical defaults that the plaintiffs provided to the defendants, but this list does not include any damage amounts associated with the alleged defaults. (Dkt. #244-1 at 2-7.) The plaintiffs also cite to documents showing the purchase price under the Purchase Agreement and Bergner's commissions, a list of pro-rated closing expenses, evidence that Beasley paid $8.5 million for two radio stations in Las Vegas, and the plaintiffs' expert report. (Dkt. #244-1 at 9-16, 18, 21, 27, 34, 49.) But a plaintiff "cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593-94 (D. Nev. 2011). "The Defendants are not required to compute damages, Rule 26 requires plaintiffs to do so." *Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011); *see also Jackson*, 278 F.R.D. at 593-94 ("Rule 26(a)(1)(A)(iii) specifically requires the plaintiff to provide a computation of each category of damages and make the documents on which each computation is based available for inspection and copying."); *Allstate Ins. Co.*, 2011 WL 2977127, at *4 ("The plaintiff cannot shift to defendant the burden of attempting to determine the amount of the claimed damages from documents that are produced without any explanation of plaintiff's claimed damages.").

1    Therefore, these documents also do not satisfy the plaintiffs' Rule 26 obligations and do not make
2    the plaintiffs' non-compliance harmless.

3    Because the plaintiffs failed to disclose a computation as required under Rule 26(a), I
4    consider what sanction, if any, I should impose under Rule 37(c)(1).  The plaintiffs have offered
5    no justification and their failure to disclose is not harmless.  The public's interest in expeditious
6    resolution of litigation and the court's need to manage its docket weigh in favor of excluding
7    damages evidence at trial.  Under Rule 23(a)(1)(C), the plaintiffs were required to provide a
8    computation within 14 days of the parties' Rule 26(f) conference, which the parties held on
9    December 6, 2012. (Dkt. #47 at 3.)  More than three years later, and in the face of the defendants'
10   motions seeking case-dispositive sanctions, the plaintiffs still have not provided a computation of
11   damages.  Discovery has been extended nine times and closed more than a year ago. (Dkt. #144;
12   Dkt. #175.)  The dispositive motion deadline expired nearly a year ago. (Dkt. #175 at 4.)  The
13   summary judgment stage has been completed.  The parties will be filing a proposed joint pretrial
14   order in approximately 30 days and then the matter will be set for trial. (*Id.* at 5; Dkt. #249.)
15   Allowing the plaintiffs to provide a computation now would likely require reopening discovery
16   and setting a new briefing schedule on summary judgment motions related to damages, rather
17   than setting a trial date in a case that has already been pending a long time.  "Such modifications
18   to the court's and the parties' schedules support a finding that the failure to disclose was not
19   harmless." *Hoffman*, 541 F.3d at 1180; *see also Jackson*, 278 F.R.D. at 594 ("Courts are more
20   likely to exclude damages evidence when a party first discloses its computation of damages
21   shortly before trial or substantially after discovery has closed.").

22   The risk of prejudice to the defendants is substantial.  The parties have spent four years
23   litigating this case and the Beasley defendants have presented evidence that they have attempted,
24   without much success, to determine the plaintiffs' damages through discovery. (*See* Dkt. Nos.
25   231-1; 231-3; 231-4; 231-6; 231-9; 231-11; 231-12; 231-13.)  Requiring the defendants to
26   proceed to trial without an understanding of what damages the plaintiffs are seeking, what
27   evidence supports those damages, or how those damages were calculated is trial by ambush.  *See*
28

*Shakespear v. Wal-Mart Stores, Inc.*, No. 2:12-CV-01064-MMD-PAL, 2013 WL 6498898, at *4 (D. Nev. Dec. 10, 2013) ("[A]lthough there is a public policy to hear cases on their merits, there is also a public policy against trial by ambush."). Thus, the first three factors favor excluding damages evidence.

The public policy favoring disposition of cases on their merits weighs against excluding damages evidence, particularly where, as here, exclusion would effectively dispose of all of the plaintiffs' claims. However, the plaintiffs' failure to comply with their obligation under Rule 26(a)(1)(A)(iii) to provide a computation has been ongoing for years and they provide no explanation for that failure. Additionally, the Beasley defendants have presented evidence that the plaintiffs have not provided that information in response to repeated requests during discovery. (*See* Dkt. Nos. 231-1; 231-3; 231-4; 231-6; 231-9; 231-11; 231-12; 231-13.) The plaintiffs have twice been sanctioned in this case for failure to comply with their discovery obligations. (Dkt. Nos. 71; 102; 141; 168.) These repeated failures to comply with Rule 26(a) and other discovery obligations support a finding of bad faith.

At this stage of the proceedings, lesser sanctions are no longer available. Discovery has been closed for a year and summary judgment motions have been resolved. This long-pending case is ready for trial. The plaintiffs do not even suggest what lesser sanction I might impose,[2] nor do they state whether they ever intend to provide a damages computation if I impose a sanction other than exclusion.

In sum, the plaintiffs have not complied with their obligations under Rule 26(a)(1)(A)(iii). Their failure to disclose was not substantially justified or harmless and was in bad faith. Lesser sanctions are not available. I therefore exclude from trial evidence of damages under Rule 37(c)(1).

/ / / /

---

[2] In response to Bergner's motion, the plaintiffs request an extension of discovery. This case has been pending over four years. (Dkt. #1-1.) Discovery has been extended nine times. (Dkt. #144; Dkt. #175.) The plaintiffs have had ample time to conduct discovery and have not given any justification or harmlessness analysis in relation to their failure to provide a computation as to Bergner. I therefore deny the request to extend discovery.

**C. Conclusion**

IT IS THEREFORE ORDERED that defendant Michael J. Bergner's motion for reconsideration **(Dkt. #227) is GRANTED**.

IT IS FURTHER ORDERED that defendant Michael J. Bergner's motion in limine to exclude evidence of damages **(Dkt. #226) is GRANTED**.

IT IS FURTHER ORDERED that defendant Michael J. Bergner's motion for summary judgment **(Dkt. #203) is GRANTED**.

IT IS FURTHER ORDERED that defendants Beasley FM Acquisition Corporation, Beasley Broadcasting of Nevada, LLC, WAEC License Limited Partnership, and KJUL License LLC's motion in limine to exclude evidence of damages **(Dkt. #231) is GRANTED**.

DATED this 25th day of January, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE