# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVER STATE BROADCASTING, LLC; a Nevada LLC; ROYCE INTERNATIONAL BROADCASTING CORPORATION; a Nevada corporation; GOLDEN STATE BROADCASTING LLC, a Nevada corporation.<br>Plaintiffs,<br><br>v.<br><br>BEASLEY FM ACQUISITION CORPORATION, a Delaware corporation; BEASLEY BROADCASTING OF NEVADA, LLC, a North Carolina limited liability company; WAEC LICENSE LIMITED PARTNERSHIP; a Delaware limited partnership; KJUL LICENSE LLC, a North Carolina limited liability company; MICHAEL JAY BERGNER dba BERGNER & CO., an individual; DOES 1 through 50; and ROE ENTITIES 51 through 100, inclusive.<br><br>Defendant. | Case No. 2:11-cv-01789-APG-CWH<br><br>**Order Rejecting Joint Pretrial Order**<br><br>(Dkt. #259) |

The parties' proposed Joint Pretrial Order (Dkt. #259) does not comply with Local Rule 16-4. For example, in section VII(c), the "parties reserve all objections to exhibits at this time." (Dkt. #259 at 11.) The Local Rule requires the parties to specify their objections, not reserve them for later. Similarly, in their list of exhibits, "Counter-Claimants reserve the right to supplement their list of exhibits with any of the documents identified in the list attached as Exhibit 'A.'" Counter-defendant attempts to do the same thing, identifying "Any exhibits identified in Plaintiff/Counterdefendants (sic) initial disclosures or supplements thereto." Parties are required to disclose their trial exhibits and cannot "reserve their rights" or refer vaguely to "any exhibits." Further, Counter-defendant designates entire deposition transcripts, rather than specific page and line designations. Such vague, broad designations of exhibits and deposition

transcripts make it impossible for the other party to object. The proposed Order is replete with additional inadequacies; I do not care to waste my time cataloguing those for the parties.

Local Rule 16-3 requires the parties to personally discuss these and other issues. The requirements in Local Rules 16-3 and 16-4 are designed to make the parties meaningfully discuss the upcoming trial, so that the trial preparation and presentation can be streamlined and to foster settlement. It is apparent from the proposed Joint Pretrial Order that the parties either ignored Local Rule 16-3, or did not properly conduct the required conference in the spirit of the rule. Accordingly,

IT IS ORDERED that the parties' Joint Pretrial Order (**Dkt. #259) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 within 21 days of entry of this Order.

Dated: this 4th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE