# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

SILVER STATE BROADCASTING, LLC, *et al.*,

Plaintiffs,

v.

BEASLEY FM ACQUISITION, *et al.*,

Defendants.

Case No. 2:11-cv-01789-APG-CWH

**ORDER (1) DISMISSING REMAINING COUNTERCLAIMS, (2) VACATING THE PENDING TRIAL DATE, (3) AWARDING FEES AND COSTS, AND (4) DIRECTING ENTRY OF FINAL JUDGMENT**

(ECF Nos. 271, 276, 277, 278)

Defendants/Counter-claimants Beasley FM Acquisition Corporation, Beasley Broadcasting of Nevada, LLC, WAEC License Limited Partnership, and KJUL License LLC (the "Beasley defendants") move to dismiss their remaining counterclaims and request entry of a final judgment on the one counterclaim they have already prevailed upon. ECF Nos. 276, 277, 278. They also request an award of their attorneys' fees and the non-taxable costs they incurred in connection with this case. ECF No. 271. The plaintiffs did not file an opposition to the motions. "The failure of an opposing party to file points and authorities in response to any motion, except . . . a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

## I.      Motion to dismiss remaining claims and to enter judgment

The plaintiffs did not oppose the motion to dismiss the remaining counterclaims and for entry of judgment. The motion demonstrates good cause why it should be granted. Therefore, I will grant the motion, dismiss the remaining counterclaims without prejudice, vacate the trial date, and direct entry of judgment in favor of Beasley Broadcasting of Nevada, LLC on it counterclaim for which I previously granted summary judgment.

## II.     Motion for attorneys' fees and non-taxable costs

### A.   Attorneys' Fees

"If state substantive law governs a case, then an award of attorney fees is also governed by state law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013). "Nevada law

"ha[s] consistently held that attorney's fees are only available when authorized by a rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994) (citations and quotation omitted). The Beasley defendants contend that the Asset Purchase Agreement that is the subject of this suit authorizes such an award. That contract provides:

> In the event of any dispute between the parties to this Agreement, Seller or Buyer, as the case may be, shall reimburse the prevailing party for its reasonable attorneys' fees and other costs incurred in enforcing its rights or exercising its remedies under this Agreement. Such right of reimbursement shall be in addition to any other right or remedy that the prevailing [party] may have under this Agreement.

ECF No. 271-1 at 5. The Beasley defendants, collectively, are the prevailing party in this matter and are entitled to recover their reasonable fees and costs.

The reasonableness of an attorney's fee award is also determined by state law when a federal court is sitting in diversity. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1188, (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nev.*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

The determination of reasonableness of a fee request is guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4)

the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("[i]n determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the factors set forth in *Brunzell*" (quotation and citation omitted)). The factors listed in Local Rule 54-16(b) also guide the analysis of a fee request. *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998).

The Beasley defendants request an attorney's fee award of $357,526.50. That amount was calculated by multiplying the number of hours spent on the case by the hourly rate of each biller. The hourly rates charged by the defendants' lawyers are reasonable in this market. The hours spent working on the case are consistent with the nature and complexity of this dispute. Millions of dollars were at stake, significant discovery was completed, thousands of pages of documents were produced, scores of potential witnesses were identified, and many depositions were conducted in several states. The defendants' lawyers were well qualified to handle this matter, and they performed high quality work. The defendants prevailed on one of their counterclaims, defeated the plaintiffs' claims, and recovered a judgment.

Based on the *Brunzell* factors and the factors set forth in Local Rule 54-16(b), the Beasley defendants are entitled to recover their attorneys' fees, and the amount requested is reasonable. Thus, I award the Beasley defendants their attorneys' fees in the amount of $357,526.50.

## B. Nontaxable Costs

The Beasley defendants also request an award of their nontaxable costs in the amount of $86,608.13. Nontaxable costs are recoverable under Federal Rule 54(d)(2). Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses") & Advisory Comm. Note to 1993 Am. ("This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.' It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under governing law incident to the award of fees."). Local Rule 16(b)(2) also permits an award of costs and expenses that are not otherwise

1  taxable pursuant to Rule 54(d)(2) (*i.e.,* nontaxable costs).  And as quoted above, the Asset

2  Purchase Agreement allows the prevailing party to recover its costs.  The Beasley defendants are

3  the "prevailing party" and thus are entitled to recover their nontaxable costs.

4  The amount of costs to award is left to the discretion of the district court. *Shum v. Intel*

5  *Corp.*, 629 F .3d 1360, 1366 (Fed. Cir. 2010); *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572,

6  593 (9th Cir. 2000) (noting that district courts have discretion in choosing to award costs under

7  Rule 54(d)).  In the Ninth Circuit, there is a presumption in favor of awarding costs to the

8  prevailing party. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  To overcome

9  this presumption, the losing party must establish a reason to deny costs. *Id.*

10  The plaintiffs have not opposed the motion to recover fees and costs, so they offer no

11  reason to deny them.  The defendants have submitted an itemized list of nontaxable costs and

12  supporting receipts.  These expenses are reasonable in the context of this case.  Thus, I award the

13  Beasley defendants nontaxable costs in the amount of $86,608.13.

14  **III.    Conclusion**

15  IT IS THEREFORE ORDERED that the Beasley defendants' motions **(ECF Nos. 276,**

16  **277, 278) are GRANTED**.  **The September 12, 2016 trial setting is VACATED**.

17  IT IS FURTHER ORDERED that the remaining counterclaims filed by the Beasley

18  defendants are DISMISSED WITHOUT PREJUDICE.

19  IT IS FURTHER ORDERED that the Beasley defendants' motion for attorneys' fees and

20  non-taxable costs **(ECF No. 271) is GRANTED**.  The Beasley defendants are awarded attorneys'

21  fees in the amount of $357,526.50 and non-taxable costs in the amount of $86,608.13.

22  IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment in favor

23  of defendant Beasley Broadcasting of Nevada, LLC and against Silver State Broadcasting, LLC

24  in the amount of $93,075.84, plus $31,375.73 in pre-judgment interest, for a total judgment

25  amount of $124,451.57.

26  IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment in favor

27  of defendants Beasley FM Acquisition Corporation, Beasley Broadcasting of Nevada, LLC,

28

1   WAEC License Limited Partnership, and KJUL License LLC and against Silver State

2   Broadcasting, LLC for their attorneys' fees in the amount of $357,526.50, plus non-taxable costs

3   in the amount of $86,608.13, for a total judgment amount of $444,134.63.

4          IT IS FURTHER ORDERED that the judgments shall bear post-judgment interest at the

5   rate prescribed by law.

6          DATED this 25th day of August, 2016.

7

8                                              _____

                                               ANDREW P. GORDON
9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28